Curia, per Dunkin, Ch.
On the questions discussed in the decree, this Court is satisfied with the judgment of the Chancellor. The matter involved in the 2d ground of appeal was not argued at the circuit, probably because the complainant relied on his claim to the corpus of the legacy.
There is no doubt, however, about the principle. In Lupton vs. Lupton, 2 John. Ch. R. 628, Chancellor Kent says: “With respect to the question of interest, it may be proper to observe, that the general rule is, that a legacy payable at a future day, does not carry interest, until after it is payable, unless it be a legacy to a child, payable at a future day, and the child has no other provision, nor any maintenance, in the mean time, allotted by the will. If there be no such provision, the legacy carries in *74 terest immediately, on the presumption that the parent must have intended that the child should, in the mean time, be maintained at his expense.” As early as Heath vs. Perry, 3 Atk. 101, Lord Hardwicke had held that the case of a child was an exception to the rule that a legacy carries interest only from the time it is payable; “for then,” says he, “let a testator give it how he will, either at 21 or at marriage, or payable at 21, or payable at marriage, and the child has no other provision, the court will give interest by way of maintenance, for they will not presume the father inofficious, or so unnatural as to leave a child destitute.” Nor, in such case, does it seem to make any difference whether the legacy be vested, or contingent. See Leslie vs. Leslie, 10 Eng. Cond. Ch. R. 384.
By the will of Matthew Allen he bequeathed one third of his estate to his wife, and two-thirds to his daughter (the complainant) “at her marriage, or when she attains the full age of twenty-one years.” No provision whatever is made for the maintenance of the daughter in the mean time. Under the authority given by the will, the executor, McConnell, soon after the death of the testator, sold the estate and paid the debts, holding the surplus either in money or securities. The complainant was entitled to interest on two-thirds of this surplus, certainly from January, 1835, when the sale was made. The amount of this interest, deducting any sums which McConnell, the executor, may have paid on account of the complainant, must be regarded as included in the sum paid by Miller, the administrator of Me Connell, (a) to the guardian of complainant, and he is chargeable in that capacity. He is also liable for the subsequently accruing annual interest on the amount of the complainant’s legacy thus ascertained, deducting all sums paid to, or for, her, and a reasonable allowance for her maintenance while she was maintained by the guardian.
It is ordered and decreed that the order of reference, made by the circuit court, be enlarged, and that the commissioner, in addition to the directions heretofore given, take an account of the amount due to the complainant, on the principles of this decree. In all other matters the decree of the circuit court is affirmed.
Johnston, C. concurred.

 In the circuit decree Miller is called the executor of McColmell. R,